# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:23-cr-338-AN |
| v. | INDICTMENT |
| ANGELO CHACON PORRA and KARLA CIAVATTA ALBORNOZ, | 18 U.S.C. § 2320(a) |
| Defendant. | Forfeiture Allegation |

### THE GRAND JURY CHARGES:

### COUNT 1
### (Trafficking in Counterfeit Goods or Services)
### (18 U.S.C. § 2320(a))

Between on or about April 7, 2020, and continuing through on or about September 30, 2022, defendants **ANGELO CHACON PORRA and KARLA CIAVATTA ALBORNOZ** did intentionally traffic in counterfeit goods, specifically, counterfeit car parts such as air filters, spark plugs, clock springs, tire pressure sensors, and ignition coils, and knowingly used on and in connection with such goods counterfeit marks, namely spurious marks identical to and substantially indistinguishable from genuine marks of Honda, Nissan, Ford, Hyundai, Toyota, and General Motors (GM), that are in use and registered for those goods in the principal register of the United States Patent and Trademark Office, and the use of which marks was likely to cause confusion, to cause mistake, and to deceive.

In violation of Title 18, United State Code, Section 2320(a).

**Indictment**                                                                                                            **Page 1**
Revised April 2018

## FORFEITURE ALLEGATION

The allegations contained in Count 1 of this Indictment are incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2323(b). Upon conviction of the offense alleged in Count 1 of this Indictment, defendant **ANGELO CHACON PORRA and KARLA CIAVATTA ALBORNOZ,** shall forfeit to the United States of America any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense and any personal property that was used or intended to be used to commit or to facilitate the commission of such offense, including a sum of money equal to the proceeds derived from or obtained as a result of such offense.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

If the above-described property, as a result of any act or omission of defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of American shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2323(b)(2).

DATE: 10/17/23

A TRUE BILL.

[signature redacted]

OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

*/s/ Rachel K. Sowray*

RACHEL K. SOWRAY, OSB #095159
Special Assistant United States Attorney

Indictment Page 3